No. 10,306.
Orleans

---

DAVIS WOOD LUMBER COMPANY, Appellant, v. FRANK BENINATE.

---

(January 4, 1926.   Opinion and Decree.)
(January 18, 1926.   Rehearing Refused.)

---

(*Syllabus by the Court.*)

1. Louisiana   Digest—Evidence—Par.   59, 344.

Defendant's unsupported testimony will not prevail over the denial of plaintiff.

Appeal from Second City Court, Hon. George P. Platt, Judge.

This is a suit for the price of lumber sold and delivered. The defendant alleged a contract whereby $200.00 was to be paid —no extras were to be charged. There was judgment for defendant and plaintiff appealed. Judgment reversed.

E. J. Robin of New Orleans, attorney for plaintiff, appellant.

Jos. Lautenschlager of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. This is a suit for lumber sold and delivered.

The plaintiffs allege that they sold and delivered to the defendant between September 7 and October 22, 1924, lumber amounting to $318.77, for which the defendant has been credited with $7.53 lumber returned and $200 paid cash on December 21, 1924, leaving a balance due of $111.24, which defendant refuses to pay. All of which appears by detailed bills annexed.

According to the detailed bill, $203.87 are charged as "Contract" and were delivered on or before October 10, 1924; and $114.90 were sold and delivered on October 22, 1924, and are charged as "Extra."

The defendant admitted "that the plaintiff did furnish him with the lumber set forth in the itemized account attached" to the petition, but denied that any part thereof was "Extra"; he averred that he was about to erect a building; that he had plans and specifications made; that he submitted the same to the plaintiff, who told him that he would furnish the necessary lumber for $200; that when the plaintiff delivered the first lumber he noticed that it was short and called the attention of plaintiff, who furnished the additional lumber, but that he never agreed to pay more than the original estimate of $200; that he paid the $200 as per contract, but refused to pay the extras because he does not owe them.

There was judgment for defendant and plaintiff has appealed.

The only question is one of fact, did plaintiff agree to furnish all the lumber for $200, of course, the burden of proof is upon the defendant.

He swears that he went out to see Mr. Wood, without saying which one, and presented his plans to him, and asked him what would be the amount of lumber to furnish; and Mr. Wood told him to come back in a day or two and he would give him an estimate and a price upon it; he went back, but Mr. Wood was not there, but the man in the office, whose name he does not give, was there, and he said $200; defendant told him all right; he furnished no list to Mr. Wood, nor did Wood furnish him with any list; the plaintiff sent the lumber estimated at $203.87 the next day; the carpenter that was doing his work noticed a shortage at once; he made out a list of what he was short, and defendant sent it to the plaintiff; the plaintiff then delivered the shortage a few days after, amounting to $114.90.

It is this amount of this shortage which the plaintiff is claiming; the four dray receipts for the shortage are all marked "Extra", but the defendant did not notice this mark "Extra"; the receipts for the original order are marked, "loc con."

There was no agreement as to the price of this shortage; after the bill for the shortage was presented to him he called at the office of plaintiff; Mr. Wood was not there, but he spoke to the office man and told him he did not owe that bill.

Robert M. Wood, secretary-treasurer of plaintiff's, testified that he caused a list to be prepared in his office of the lumber that they would furnish and that he fixed the price thereon; and that it was customary to furnish the applicant for lumber a copy of that list with the estimate; they do not make contracts on specifications because they know nothing of building operations; they make a list of what they think the contractor wants, or the contractor usually submits a list, and they make

a copy of it and submit a price on it; they never bid according to plans and specifications; the defendant furnished the list of articles needed and they gave him a price on it, and that estimate was presented to defendant; the estimate was prepared from a list furnished by defendant; he furnished a list with short lengths which they do not supply, as they do not cut their lumber; but they supply a long piece from which short lengths are cut. The defendant spoke to him when he called at their office; it is customary to hand the list and the estimate to the contractor showing what they would supply for so much money; they do not agree to furnish anything except what is stipulated on the list; "he never, at any time, undertook to supply the defendant with all the lumber that was necessary for him to make the repairs to that particular building for a fixed price"; they do not know enough about building to guarantee to do such work; it is customary for the contractor to furnish a list on which they bid; they do not agree to furnish according to his list, but according to theirs, and it is up to him to check it and determine whether the right amount and grades are being furnished.

Defendant has failed to prove that plaintiff agreed to supply him with all the lumber necessary to make his improvements. He swears to it; but plaintiff denies it; and all the circumstances and customs of the trade are against the defendant. Defendant says the agreement was made with "a man in the office" because Wood was not there at the time; but he failed to identify or to produce the man in the office. His memory also is somewhat deficient.

He says the extra lumber was delivered a day or two after the "local contract," October 7, 1924, while the dray receipts for the "extra lumber," signed by him,

are all dated October 22nd. He says he paid the $200 by check two days after delivery of extra, but he does not produce the check. According to plaintiffs' itemized account annexed to petition the $200 were paid on December 31st, at least two months after the completion of the work.

In deciding for the plaintiff we do the defendant no injury, as he will have received the value of his money. Were we to decide for the defendant he would be enriching himself at the expense of the plaintiff, which the law will not permit. C. C. 1965. The defense is doubtful and must be decided against the defendant.

It is therefore ordered that the judgment herein be reversed and set aside; and it is now ordered that the defendant Frank Beninate be condemned to pay to the plaintiff, the Davis Wood Lumber Company, Inc., the sum of one hundred and eleven 24-100 dollars, with five per cent per annum interest from November 22, 1924, till paid, and all costs of suit with privilege on the dwelling No. 512 Opelousas Avenue, Algiers, Fifth Municipal District of the Parish of Orleans, in the square No. 118, bounded by Opelousas Avenue, Evelina, Verret and Olivier Streets.